UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

20-CV-14070

LAURA LYNN KISER and
CARL LEE LAWSON,

    Plaintiffs,

vs.

OGFBC LLC,
CHEFRIEND UNITED, INC., and
OLIVIA BINN-OSTROW,

    Defendants.
_____/

## **COMPLAINT**

Plaintiffs, Laura Lynn Kiser and Carl Lee Lawson, sue Defendants, OGFBC LLC, Chefriend United, Inc., and Olivia Binn-Ostrow, as follows:

### *Parties, Jurisdiction, and Venue*

1. **Plaintiff, Laura Lynn Kiser**, is a *sui juris* resident of Maryland, who is over 18 years old and *sui juris*.

2. Plaintiff Kiser consents to participate in this lawsuit.

3. Plaintiff Kiser was an employee of Defendants, as the term "employee" is defined by 29 U.S.C. §203(e).

4. Plaintiff Kiser was a non-exempt employee of Defendants.

5. **Plaintiff, Carl Lee Lawson**, is a *sui juris* resident of Maryland, who is over 18 years old and *sui juris*.

6. Plaintiff Lawson consents to participate in this lawsuit.

1

7. Plaintiff Lawson was an employee of Defendants, as the term "employee" is defined by 29 U.S.C. §203(e).

8. Plaintiff Lawson was a non-exempt employee of Defendants.

9. **Defendant, OGFBC LLC**, is a for profit Florida limited liability company that is *sui juris* and has operated its restaurant business here, in Stuart, Florida.

10. **Defendant, Chefriend United, Inc.**, is a for profit Florida company that is *sui juris* and has operated its restaurant business here, in Stuart, Florida.

11. **Defendant, Olivia Binn-Ostrow**, is over 18 years old, a resident of this District, and she is *sui juris*. Mrs. Binn-Ostrow was at all times material an officer/owner/director/member of the corporate Defendants for the time period relevant to this lawsuit. She ran its day-to-day operations, was responsible for all operational decisions, and was partially or totally responsible for paying Plaintiffs' wages

12. This Court has original jurisdiction over Plaintiff's federal question claims pursuant to 28 U.S.C. §1331 and 26 U.S.C. §201, *et seq*.

13. Venue is proper in this Court pursuant because Defendants transact business in this District, maintains their principal place(s) of business in this District and/or live in this District, and also because Defendants employed Plaintiffs in this District, with most of the actions complained of occurring within this District.

### *Common Background Factual Allegations*

14. Defendants shared personnel, including those responsible for managing their businesses operations and payment of employees.

15. Defendants indiscriminately used each other's corporate checking accounts to pay Plaintiffs, and they collectively managed their shared workforce, including the hiring and firing of

7300 N. Kendall Drive, Suite 450, Miami, Florida 33156
tel 305.230.4884    fax 305.230.4844
*www.fairlawattorney.com*

workers, setting work schedules for their workers, providing the food, produce, materials, and supplies for their workers, and providing work assignments for their workers.

16. Defendants regularly employed two or more employees for the relevant time period that handled goods or materials that travelled through interstate commerce, or used instrumentalities of interstate commerce, thus making Defendants' business an enterprise covered under the Fair Labor Standards Act.

17. In particular, Defendants have been at all times material an enterprise engaged in interstate commerce in the course of their receipt, preparation, cooking, service, and sale of foodstuffs, produce, meats, beverages, beer, and products that have moved through interstate commerce prior to their receipt of same.

18. Defendants cooked, prepared, and stored these foodstuffs, perishables, and beverages while using machinery, appliances, refrigeration goods and materials that also have moved through interstate commerce.

19. Furthermore, Defendants regularly and routinely obtains, exchanges, and sends/receives funds to and from outside of the State of Florida, use telephonic transmissions going outside of the State of Florida to conduct business, and transmit electronic information through computers, the internet, via email, and otherwise outside of the State of Florida.

20. Defendants' individual and/or combined corporate annual gross revenues derived from this interstate commerce are believed to be in excess of $500,000.00 for the relevant time period and/or exceeded $125,000.00 for each relevant fiscal quarter.

21. To the extent that records exist regarding the exact dates of Plaintiffs' employment exist, such records are in the exclusive custody of Defendants.

7300 N. Kendall Drive, Suite 450, Miami, Florida 33156
tel 305.230.4884   fax 305.230.4844
*www.fairlawattorney.com*

22. Any/all conditions precedent to filing this lawsuit occurred and/or was satisfied by Plaintiff.

23. Plaintiff retained the undersigned counsel and agreed to pay a reasonable fee for all services rendered.

**COUNT I – FLSA MINIMUM WAGE VIOLATION(S)**
**BY PLAINTIFF, LAURA LYNN KISER, AGAINST DEFENDANTS**

Plaintiff, Laura Lynn Kiser, reincorporates and re-alleges paragraphs 1 through 4 and 9 through 23 as though set forth fully herein and further alleges as follows:

24. Plaintiff Kiser worked for Defendants from approximately December 15, 2019 through January 12, 2020 as a server.

25. Plaintiff Kiser's work for Defendants was actually in or so closely related to the movement of commerce while she worked for Defendants that the Fair Labor Standards Act applies to her work for Defendants in the course of her regularly and routinely handling and serving food, produce, beer, and beverages that traveled through interstate commerce while also utilizing POS machines, supplies, materials, and equipment that also traveled through interstate commerce.

26. Plaintiff also would regularly and routinely utilize credit/debit card processing machines that would transmit information outside of the State of Florida as part of her work for Defendants.

27. When Defendants ran low on produce, they would require that Plaintiff Kiser purchase produce that arrived from outside of the State of Florida at a grocery store so that same could be utilized in their business but without reimbursing her for these employment-related expenses.

28. In Florida, and for the relevant time period, the minimum wage was set at

7300 N. Kendall Drive, Suite 450, Miami, Florida 33156
tel 305.230.4884   fax 305.230.4844
*www.fairlawattorney.com*

$8.46/hour for 2019 and at $8.56/hour for 2020.

29. The FLSA, at 29 U.S.C. §218 and 29 C.F.R. §778.5, requires that all non-exempt employees be paid a minimum wage that is at or greater than the minimum wage established by any other law.

30. Defendants did not pay Plaintiff Kiser a wage at all; instead, Plaintiff was to retain all of the tips that she received while working as payment.

31. Since the majority of Defendants' patrons paid by credit / debit card, Defendants would take control of the tips received from the customers who paid with their credit / debit cards and then remit the tips received from customers back to Plaintiff Kiser.

32. Defendants would also require Plaintiff Kiser to split her tips with her manager.

33. Defendants did not remit all of the tips earned by Plaintiff Kiser by failing to remit to her the tips that she earned from January 7-12, 2020.

34. By failing to satisfy the requirements of 29 U.S.C. § 203(m), Defendant was not eligible for the tip credit and were required to pay Plaintiff the entirety of the applicable minimum wage.

35. Defendants either knew from prior experience or recklessly failed to investigate whether their failure to pay Plaintiff a minimum wage for each of the hours and to remit the tips she earned while working for them during the relevant time period violated the FLSA and then failed to timely correct their violations.

36. Plaintiff is entitled to a backpay award of the applicable minimum wages for all hours worked, plus the tips improperly withheld, plus an equal amount as a penalty / liquidated damages, plus all attorneys' fees and costs.

7300 N. Kendall Drive, Suite 450, Miami, Florida 33156
tel 305.230.4884   fax 305.230.4844
*www.fairlawattorney.com*

WHEREFORE Plaintiff, Laura Lynn Kiser, demands the entry of a judgment in her favor and against Defendants, OGFBC LLC, Chefriend United, Inc., and Olivia Binn-Ostrow, jointly and severally, after trial by jury and as follows:

    a. That Plaintiff Kiser recovers compensatory minimum wage (and tip) damages and an equal amount of liquidated damages as provided under the law and in 29 U.S.C. § 216(b);

    b. That Plaintiff Kiser recovers pre-judgment interest on all tips and on all unpaid minimum wages if the Court does not award liquidated damages;

    c. That Plaintiff Kiser recovers an award of reasonable attorneys' fees, costs, and expenses pursuant to the FLSA;

    d. That Plaintiff Kiser recovers all interest allowed by law;

    e. That Defendants be Ordered to make Plaintiff Kiser whole by providing appropriate minimum wage pay and other benefits wrongly denied in an amount to be shown at trial and other affirmative relief;

    f. That the Court declare Defendants to be in willful violation of the overtime provisions of the FLSA; and

    g. Such other and further relief as the Court deems just and proper.

**COUNT II – FLSA OVERTIME VIOLATION(S)**
**BY PLAINTIFF, LAURA LYNN KISER, AGAINST DEFENDANTS**

Plaintiff, Laura Lynn Kiser, reincorporates and re-alleges paragraphs 1 through 4 and 9 through 27 as though set forth fully herein and further alleges as follows:

37. Plaintiff Kiser regularly and routinely worked more than 40 hours in a workweek for Defendants.

38. Defendants knew or reasonably should have known that Plaintiff Kiser worked

more than 40 hours per week during the time she worked for them as a result of assigning her the shifts she was to work each week and its management of the operating hours of its restaurant(s)/café(s) and the employed personnel.

39. Defendants failed and refused to pay Plaintiff Kiser at the rate of time and one-half times her regular rate of pay (of at least the applicable Florida minimum wage) for all hours worked over 40 hours in a workweek.

40. Plaintiff Kiser is entitled to a backpay award of overtime wages for all overtime hours worked, plus an equal amount as a penalty, plus all attorneys' fees and costs.

WHEREFORE Plaintiff, Laura Lynn Kiser, demands the entry of a judgment in her favor and against Defendants, OGFBC LLC, Chefriend United, Inc., and Olivia Binn-Ostrow, jointly and severally, after trial by jury and as follows:

   a. That Plaintiff Kiser recover compensatory overtime wage damages and an equal amount of liquidated damages as provided under the law and in 29 U.S.C. § 216(b) – or interest on the unpaid wages if no liquidated damages are awarded;

   b. That Plaintiff recover pre-judgment interest on all unpaid overtime wages if the Court does not award liquidated damages;

   c. That Plaintiff recover an award of reasonable attorneys' fees, costs, and expenses pursuant to the FLSA;

   d. That Plaintiff recover all interest allowed by law;

   e. That Defendants be Ordered to make Plaintiff whole by providing appropriate overtime pay and other benefits wrongly denied in an amount to be shown at trial and other affirmative relief;

7300 N. Kendall Drive, Suite 450, Miami, Florida 33156
tel 305.230.4884   fax 305.230.4844
*www.fairlawattorney.com*

f. That the Court declare Defendants to be in willful violation of the overtime provisions of the FLSA; and

g. Such other and further relief as the Court deems just and proper.

### COUNT III – FLSA MINIMUM WAGE VIOLATION(S) BY PLAINTIFF, CARL LEE LAWSON, AGAINST DEFENDANTS

Plaintiff, Carl Lee Lawson, reincorporates paragraphs 5 through 23 as though set forth fully herein and further alleges as follows:

41. Plaintiff Lawson worked for Defendants from approximately November 25, 2019 through January 13, 2020 as a cook and performing catering.

42. Plaintiff Lawson's work for Defendants was actually in or so closely related to the movement of commerce while he worked for Defendants that the Fair Labor Standards Act applies to her work for Defendants in the course of his regularly and routinely handling, preparing, cutting, and cooking food, produce, and beverages that traveled through interstate commerce while also utilizing ovens, knives, supplies, materials, and equipment that also traveled through interstate commerce.

43. When Defendants ran low on produce, they would require that Plaintiff Lawson purchase produce that arrived from outside of the State of Florida at a grocery store so that same could be utilized in their business but without reimbursing her for these employment-related expenses.

44. Defendants also never paid Plaintiff Lawson for these employment-related expenses ("kickbacks"), further reducing the wages earned by and increasing the wages owed to him.

45. In Florida, and for the relevant time period, the minimum wage was set at $8.46 for 2019 and at $8.56/hour for 2020.

7300 N. Kendall Drive, Suite 450, Miami, Florida 33156
tel 305.230.4884 fax 305.230.4844
*www.fairlawattorney.com*

46. The FLSA, at 29 U.S.C. §218 and 29 C.F.R. §778.5, requires that all non-exempt employees be paid a minimum wage that is at or greater than the minimum wage established by any other law.

47. Defendants did not pay Plaintiff Lawson at least a minimum wage by failing to pay him any wage between December 18, 2019 and January 13, 2020.

48. Defendants either knew from prior experience or recklessly failed to investigate whether their failure to pay Plaintiff a minimum wage for each of the hours he earned while working for them during the relevant time period violated the FLSA and then failed to timely correct their violations.

49. Plaintiff is entitled to a backpay award of the applicable minimum wages for all hours worked, reimbursing him for his employment-related expenses ("kickbacks"), plus an equal amount as a penalty / liquidated damages, plus all attorneys' fees and costs.

WHEREFORE Plaintiff, Carl Lee Lawson, demands the entry of a judgment in his favor and against Defendants, OGFBC LLC, Chefriend United, Inc., and Olivia Binn-Ostrow, jointly and severally, after trial by jury and as follows:

    a. That Plaintiff Kiser recovers compensatory minimum wage (and "kickback") damages and an equal amount of liquidated damages as provided under the law and in 29 U.S.C. § 216(b);

    b. That Plaintiff Kiser recovers pre-judgment interest on all unpaid minimum wages (and "kickbacks") if the Court does not award liquidated damages;

    c. That Plaintiff Kiser recovers an award of reasonable attorneys' fees, costs, and expenses pursuant to the FLSA;

7300 N. Kendall Drive, Suite 450, Miami, Florida 33156
tel 305.230.4884   fax 305.230.4844
*www.fairlawattorney.com*

     d.       That Plaintiff Kiser recovers all interest allowed by law;

     e.       That Defendants be Ordered to make Plaintiff Kiser whole by providing appropriate minimum wage pay and other benefits wrongly denied in an amount to be shown at trial and other affirmative relief;

     f.       That the Court declare Defendants to be in willful violation of the overtime provisions of the FLSA; and

     g.       Such other and further relief as the Court deems just and proper.

## COUNT IV – FLSA OVERTIME VIOLATION(S) BY PLAINTIFF, CARL LEE LAWSON, AGAINST DEFENDANTS

Plaintiff, Carl Lee Lawson, reincorporates and re-alleges paragraphs 9 through 23 and 41 through 43 as though set forth fully herein and further alleges as follows:

50. Plaintiff Lawson regularly and routinely worked more than 40 hours in a workweek for Defendants.

51. Defendants knew or reasonably should have known that Plaintiff Lawson worked more than 40 hours per week during the time he worked for them as a result of assigning him the shifts he was to work each week and its management of the operating hours of its restaurant(s)/café(s) and the employed personnel.

52. Defendants failed and refused to pay Plaintiff Lawson at the rate of time and one-half times his regular rate of pay (of at least the applicable Florida minimum wage) for all hours worked over 40 hours in a workweek.

53. Plaintiff Lawson is entitled to a backpay award of overtime wages for all overtime hours worked, plus an equal amount as a penalty, plus all attorneys' fees and costs.

7300 N. Kendall Drive, Suite 450, Miami, Florida 33156
tel 305.230.4884   fax 305.230.4844
*www.fairlawattorney.com*

WHEREFORE Plaintiff, Carl Lee Lawson, demands the entry of a judgment in his favor and against Defendants, OGFBC LLC, Chefriend United, Inc., and Olivia Binn-Ostrow, jointly and severally, after trial by jury and as follows:

    a.    That Plaintiff Lawson recover compensatory overtime wage damages and an equal amount of liquidated damages as provided under the law and in 29 U.S.C. § 216(b) – or interest on the unpaid wages if no liquidated damages are awarded;

    b.    That Plaintiff Lawson recover pre-judgment interest on all unpaid overtime wages if the Court does not award liquidated damages;

    c.    That Plaintiff Lawson recover an award of reasonable attorneys' fees, costs, and expenses pursuant to the FLSA;

    d.    That Plaintiff Lawson recover all interest allowed by law;

    e.    That Defendants be Ordered to make Plaintiff Lawson whole by providing appropriate overtime pay and other benefits wrongly denied in an amount to be shown at trial and other affirmative relief;

    f.    That the Court declare Defendants to be in willful violation of the overtime provisions of the FLSA; and

    g.    Such other and further relief as the Court deems just and proper.

**COUNT V – BREACH OF CONTRACT**
**BY PLAINTIFF CARL LEE LAWSON AGAINST DEFENDANTS**

Plaintiff, Carl Lee Lawson, reincorporates and re-alleges paragraphs 9 through 23 as though set forth fully herein and further alleges as follows:

54.    Through this claim, Plaintiff Lawson seeks recover of the "pure gap time" wages

7300 N. Kendall Drive, Suite 450, Miami, Florida 33156
tel 305.230.4884   fax 305.230.4844
*www.fairlawattorney.com*

that he worked and earned, but did not receive.[1] *See e.g., Jernigan v. 1st Stop Recovery, Inc.*, 2017 WL 3682332 (M.D. Fla. Aug. 25, 2017) (citing *Davis v. Abington Memorial Hosp.*, 765 F.3d 236, 244 (3d Cir. 2014); *Botting v. Goldstein*, 2015 WL 10324134 (S.D. Fla. Dec. 21, 2015); *Lundy v. Catholic Health Sys. of Long Island, Inc.*, 711 F. 3d 106 (2d Cir. 2013); and *Monahan v. Cty. Of Chesterfield, Va.*, 95 F.3d 1263, 1280 (4th Cir. 1996).)

55. Plaintiff Lawson and Defendants verbally agreed that in exchange for Plaintiff Lawson expending time and effort on their behalf, they would compensate him at a rate of $15.00 for each hour that he worked for them.

56. Plaintiff Lawson performed under the parties' contract/agreement by performing work for Defendants as aforesaid.

57. Defendants, however, failed and refused to perform its obligation to timely pay Plaintiff at the rate of $15.00 for each of work that he worked for Defendants between December 18, 2019 and January 13, 2020, thereby breaching the oral contract/agreement they had.

58. Defendants also failed and refused to reimburse Plaintiff Lawson for the employment-related expenses he incurred in purchasing food/produce for them.

59. Defendants breached their obligation to timely pay Plaintiff at the rate of $15.00 for each of work that he worked for Defendants between December 18, 2019 and January 13, 2020, and for reimbursing him for his employment-related expenses ("kickbacks"), thereby breaching the oral contracts/agreements they had.

60. Plaintiff Lawson has been damaged as a result of Defendants' failure to pay him for the work he performed and for the employment-related expenses ("kickbacks") incurred

---

[1] *Thrower v. Peach County, Georgia, Bd. of Educ.*, 2010 WL 4536997, at *4 (M.D. Ga. Nov. 2, 2010) ("In the wage and hour world, this time between scheduled hours and overtime hours is known as 'pure gap time'.")

7300 N. Kendall Drive, Suite 450, Miami, Florida 33156
tel 305.230.4884  fax 305.230.4844
www.fairlawattorney.com

between approximately December 18, 2019 and January 13, 2020 in a timely manner.

WHEREFORE Plaintiff, Carl Lee Lawson, demands the entry of a judgment in his favor and against Defendants, OGFBC LLC, Chefriend United, Inc., and Olivia Binn-Ostrow, jointly and severally, for all damages suffered, plus pre-judgment and post-judgment interest, costs and attorneys' fees incurred in this matter pursuant to Fla. Stat. §448.08, and to award such other and further relief as this Court deems just and proper.

### COUNT VI – UNJUST ENRICHMENT
### BY PLAINTIFF CARL LEE LAWSON AGAINST DEFENDANTS

Plaintiff, Carl Lee Lawson, reincorporates and re-alleges paragraphs 9 through 23 as though set forth fully herein and further alleges as follows:

61. Through this claim, Plaintiff Lawson seeks recover of the "pure gap time" wages that he worked and earned, but did not receive.[2] *See e.g.*, *Jernigan v. 1st Stop Recovery, Inc.*, 2017 WL 3682332 (M.D. Fla. Aug. 25, 2017) (citing *Davis v. Abington Memorial Hosp.*, 765 F.3d 236, 244 (3d Cir. 2014); *Botting v. Goldstein*, 2015 WL 10324134 (S.D. Fla. Dec. 21, 2015); *Lundy v. Catholic Health Sys. of Long Island, Inc.*, 711 F. 3d 106 (2d Cir. 2013); and *Monahan v. Cty. Of Chesterfield, Va.*, 95 F.3d 1263, 1280 (4th Cir. 1996).)

62. Plaintiff Lawson provided labor and services for Defendants, and they received and accepted the benefits of the labor and services supplied by him.

63. Plaintiff Lawson expected to be paid a reasonable value for the labor and services he provided to Defendants.

64. Plaintiff Lawson provided food and produce needed by Defendants for their business, as requested, and they received and accepted the benefits of the food and produce he

---

[2] *Thrower v. Peach County, Georgia, Bd. of Educ.*, 2010 WL 4536997, at *4 (M.D. Ga. Nov. 2, 2010) ("In the wage and hour world, this time between scheduled hours and overtime hours is known as 'pure gap time'.")

7300 N. Kendall Drive, Suite 450, Miami, Florida 33156
tel 305.230.4884   fax 305.230.4844
*www.fairlawattorney.com*

supplied.

65. Defendants also failed and refused to reimburse Plaintiff Lawson for the employment-related expenses he incurred in purchasing food/produce for them.

66. Defendants were unjustly enriched in that they failed and refused to make payment to Plaintiff Lawson for the benefits he conferred upon them between approximately December 18, 2019 and January 13, 2020.

WHEREFORE Plaintiff, Carl Lee Lawson, demands the entry of a judgment in his favor and against Defendants, OGFBC LLC, Chefriend United, Inc., and Olivia Binn-Ostrow, jointly and severally, for all damages suffered, plus pre-judgment and post-judgment interest, costs and attorneys' fees incurred in this matter pursuant to Fla. Stat. §448.08, and to award such other and further relief as this Court deems just and proper.

### **DEMAND FOR JURY TRIAL**

Plaintiffs demands a trial by jury of all issues so triable.

Dated this 4th day of March 2020.

> Respectfully Submitted,
>
> s/Brian H. Pollock, Esq.
> Brian H. Pollock, Esq. (174742)
> brian@fairlawattorney.com
> FAIRLAW FIRM
> 7300 N. Kendall Drive
> Suite 450
> Miami, FL 33156
> Tel:   305.230.4884
> *Counsel for Plaintiff*

7300 N. Kendall Drive, Suite 450, Miami, Florida 33156
tel 305.230.4884   fax 305.230.4844
*www.fairlawattorney.com*